# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | |
|---|---|
| WANDA SUE GOLDEN,              ) | |
|       Plaintiff              ) | |
|    ) | |
| v.              ) | Case No. 4:20-CV-04052-SOH |
|    ) | |
| LEON HOOD,              ) | |
|       Defendant              ) | |
|    ) | |
| DEFENSE FINANCE AND              ) | |
| ACCOUNTING SERVICE,              ) | |
|       Third Party Defendant              ) | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

COMES NOW Third Party Defendant Defense Finance and Accounting Service, by and through First Assistant United States Attorney David Clay Fowlkes and the undersigned Assistant United States Attorney, and for its Brief in Support of Motion to Dismiss for lack of subject matter jurisdiction states the following:

## STATEMENT OF FACTS

Plaintiff Wanda Sue Golden ("Plaintiff") and Defendant Leon Hood ("Hood") were divorced on November 30, 1987. This cause of action stems from an agreement in their Divorce Decree regarding Plaintiff's receipt of military and civilian retirement pay from Hood. Hood retired from service in the United States Army Reserve.

Third Party Defendant Defense Finance and Accounting Service ("DFAS"), is an agency under the United States Department of Defense and provides payment services for the United States Department of Defense, including military retiree payments.

Per the Complaint Against Third Party Defendant (the "Complaint"), the Plaintiff received payments from DFAS for almost 10 years. (Doc. 3, pg. 4) In 2014, DFAS sent at least two letters to the Plaintiff notifying her that prior payments had been calculated under the wrong formula and would be terminated. (Doc. 3, Attachment) DFAS requested a court order using the correct formula, which DFAS provided, before the payments could resume. In the June 23, 2014 letter, DFAS also notified the Plaintiff that a debt for the prior payments would be established against her if she did not obtain a court order showing the amount of retired pay she was entitled to receive.

It appears that the Plaintiff did not provide the requested court order and DFAS proceeded to collect the wrongfully calculated prior payments by seizing federal income tax refunds through the Treasury Off-Set Program.

The Complaint alleges three causes of action, (1) a state law claim of conversion; (2) violation of the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501, *et seq.* (the "AFDCPA"); and (3) violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* (the "FCRA"). The Complaint was removed to this Court on June 26, 2020. DFAS now moves this Court to dismiss the Complaint for lack of subject matter jurisdiction, as the Complaint is barred pursuant to the doctrine of Sovereign Immunity. Accordingly, this Court should dismiss the Complaint.

**ARGUMENT**

Because federal courts are courts of limited jurisdiction, a plaintiff has the burden to establish his case is properly in federal court. *Kokkonen v. Guardian Life Ins. Co.*, 51 U.S. 375,377 (1994). "The burden of proving federal jurisdiction, however, is on the party seeking to establish it, and this burden may not be shifted to the other party." *Great Rivers Habitat Alliance v. Federal Emergency Management Agency, 615 F.3d 985, 988 (8th Cir. 2010)* (internal quotation marks and

brackets omitted). Meeting this burden requires sufficient allegations be plead to show a proper basis for the federal court to assert subject-matter jurisdiction over the action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). A district court must accept any well-pleaded factual allegations concerning subject matter jurisdiction as true, just as a court would under a motion to dismiss for failure to state a claim. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).

It is a well settled principle that the United States is immune from suit under the sovereign immunity doctrine, unless it has waived such immunity and consented to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). Without a waiver of sovereign immunity, a federal court lacks subject matter jurisdiction over a claim against the United States, and a dismissal is required. "Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity." *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006); *see also United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). A waiver of sovereign immunity must be unequivocally expressed and cannot be implied. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351 (1980). The court may have subject matter jurisdiction if the plaintiff shows that the United States "has unequivocally waived that immunity." *Barnes*, 448 F.3d at 1066. A waiver of sovereign immunity is strictly and narrowly construed in favor of the United States, and the plaintiff bears the burden of demonstrating the waiver. *See Snider v. United States*, 468 F.3d 500, 509 (8th Cir. 2006) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)); *see also V S Ltd. P'ship v. HUD*, 235 F.3d 1109, 1112 (8th Cir. 2000).

Fed. R. Civ. P. 12(b)(1) allows for a motion to dismiss based upon the lack of subject matter jurisdiction. "In order to properly dismiss for lack of subject matter jurisdiction under Rule

12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (internal citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion [to dismiss] is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993)(internal citation omitted).

DFAS is a component of the United States Department of Defense and therefore an agency of the United States. In effect, the Plaintiff is suing the United States. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963) (Where judgment is borne by the public treasury, the suit is against the sovereign). As an agency of the United States, DFAS possesses the same sovereign immunity as the United States.

In the present case, the Plaintiff sues for violations of the AFDCPA and FCRA and under the theory of conversion. As discussed below, the United States has not waived sovereign immunity with regard to these claims, and the Complaint must therefore be dismissed for lack of subject matter jurisdiction.

The Plaintiff cannot sue the United States, or its agency, under the FCRA because the United States has not consented to be sued under this statute. *Robinson v. United States Department of Education*, 917 F.3d 799 (4th Cir. 2018), *cert. denied,* 140 S.Ct. 1440 (2020); *Daniel v. National Park Service*, 891 F.3d 762 (9th Cir. 2018); *see also Meyers v. Oneida Tribe of Indians of Wis.,* 836 F.3d 818 (7th Cir. 2016), *cert. denied*, 137 S.Ct. 1331 (2017); *But see Bormes v. United States,* 759 F.3d 793 (7th Cir. 2014). Therefore, the Plaintiff cannot meet her burden of establishing the sovereign immunity doctrine does not bar bringing a claim against DFAS under the FCRA.

The Plaintiff bears the same burden of showing that subject matter jurisdiction exists on her state law claims of conversion and violation of the AFDCPA but she has not met that burden. The Plaintiff did not cite any statute showing the United States waived sovereign immunity and consented to be sued under either of these claims, making the case subject to dismissal. *Barnes*, 448 F.3d at 1066.

This Court lacks subject matter jurisdiction over the Plaintiff's claims and the case must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## CONCLUSION

For these reasons, the United States prays the Court dismiss the Complaint Against Third Party Defendant for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), as the Complaint is barred pursuant to the doctrine of Sovereign Immunity.

Respectfully submitted,

DAVID CLAY FOWLKES
FIRST ASSISTANT UNITED STATES ATTORNEY

By: */s/ Candace L. Taylor*
Candace L. Taylor
Assistant U.S. Attorney
Bar No. 98083
414 Parker Avenue
Fort Smith, Arkansas 72901
Telephone: (479) 494-4080
Fax: (479) 441-0569
Email: candace.taylor@usdoj.gov

## CERTIFICATE OF SERVICE

I, Candace L. Taylor, Assistant U.S. Attorney for the Western District of Arkansas, hereby certify that on August 18th, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filing to CM/ECF participants.

*/s/ Candace L. Taylor*
Candace L. Taylor
Assistant United States Attorney