**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

WANDA SUE GOLDEN                                                                                    PLAINTIFF

V.                             NO.: 4:20-CV-04052-SOH

LEON HOOD                                                                                              DEFENDANT

DEFENSE FINANCE AND
ACCOUNTING SERVICE                                                              THIRD PARTY DEFENDANT

## BRIEF IN SUPPORT OF RESPONSE TO MOTION TO DISMISS

Comes now Plaintiff Wanda Sue Golden, by and through counsel, and for her Brief in Support of Motion to Dismiss, states as follows:

### I. INTRODUCTION

The present case arises from a 1987 divorce between the parties. At that time, the undersigned was a junior high student, but the undersigned's father – now deceased – negotiated a property settlement agreement in the divorce, which was entered into the record as part of a Divorce Decree on January 31, 1989. The Divorce Decree included the division of the Defendant's interest in a retirement account through his military involvement, and this retirement account was and is administered by Third Party Defendant Defense Finance and Accounting Service (hereafter "DFAS"). The parties forwarded the Divorce Decree and Qualified Domestic Relations Order to DFAS back in 1989, and once the Defendant retired at some point around 2004, the Third Party Defendant promptly and accurately began dividing the retirement interests to both parties as outlined in their

Divorce Decree.  This submission was approved by the Department of Defense, and the Plaintiff received payments as set out in the Divorce Decree for almost ten (10) years.

In May, 2014, the Plaintiff received correspondence from the Third Party Defendant DFAS dated May 22, 2014 stating that the submission was approved in error.  Third Party Defendant, without prior notice to the Plaintiff, has confiscated her tax refunds beginning in 2015 and continuing through the present.  These were funds rightfully owned by the Plaintiff as part of her personal assets and property.  Third Party Defendant DFAS had no judgment, order, nor was it acting in good faith when it took control of and seized Plaintiff's assets.  Further, Third Party Defendant has inaccurately and unfairly reported this to the three major credit bureaus.  All of this conduct was done without any type of due process to the Plaintiff.

The Plaintiff tried every avenue possible to avoid litigating this matter, and that included making hundreds of phone calls to the cavernous Department of Defense and writing dozens of letters, all of which were either ignored or were sent through a series of lengthy bureaucratic channels that all ended with no human acting on Plaintiff's concerns.

## II. DISCUSSION

Third Party Defendant seeks to dismiss this matter on grounds of lack of subject matter jurisdiction due to sovereign immunity.  However, it is will settled that sovereign immunity does not apply here. First, DFAS continues to intercept and confiscate Plaintiff's tax refunds without cause or any type of court order but merely based on the notion that it believes the Divorce Decree providing Plaintiff an interest in Defendant's retirement

account was in error (which it was not), so it unilaterally decided it would get the distributions back in any manner it wanted.

Courts have routinely found that DFAS is susceptible to private suit and that motions to dismiss based on a lack of subject matter jurisdiction as a result of sovereign immunity are routinely denied. Courts have determined that the Fair Credit Reporting Act's (hereafter "FCRA") definition of "person" includes "government or governmental subdivision or agency," and therefore, waives the United States' sovereign immunity under FCRA.

In *Johnson v. TransUnion, LLC*, 2018 WL 1462109 (W.D. La. 2018), DFAS used this very argument of sovereign immunity in an attempt to dispose of the case through a motion to dismiss, which was denied, based on *U.S. v. Bormes*, 568 U.S. 6, 133 S.Ct. 12, 184 L.Ed.2d 317 (2012).

The Court in *Johnson* reasoned that "a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). If sovereign immunity is not expressly waived under the FCRA, this Court is deprived of subject matter jurisdiction over Johnson's claims against DFAS. See *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007) (holding that the absence of a waiver of sovereign immunity is a jurisdictional defect). *Id*.

The Court in Johnson went on in its ruling to opine as follows:

Despite the statute's explicit use of the terms "government" and "governmental ... agency," DFAS argues that the language of the FCRA is not as unambiguous and unequivocal as it might appear. Further, it asserts that the "structure and history" of the FCRA do not indicate Congress intended to waive sovereign immunity. In other words, DFAS's position is that when Congress truly intends to waive sovereign immunity, it explicitly authorizes recovery against "the United States," as opposed to "the government." In the absence of such a specification in the FCRA, DFAS contends the terms "government" or "governmental subdivision or agency" are too broad and ambiguous to constitute an unequivocal waiver of sovereign immunity. The Court cannot agree with this untenable interpretation of the statute.

To date, the only appellate court to have considered and decided whether the FCRA waives sovereign immunity found that it did. Indeed, as the Seventh Circuit explained in *Bormes v. United States*, 759 F.3d 793, 795 (7th Cir. 2014), "[t]he United States is a government. One would suppose that the end of the inquiry. By authorizing monetary relief against every kind of government, the United States has waived its sovereign immunity. And so we conclude." Like the government in *Bormes*, DFAS argues here that the definition of person should not be given its natural meaning; that this Court should examine the structure and history of the FCRA to determine whether Congress intended to waive sovereign immunity; and that the Court must consider the severe and absurd consequences that may result from a finding of waiver (i.e., recovery of punitive damages and criminal liability). Those arguments did not fare well with the Seventh Circuit, nor does this Court find them to be persuasive here. As *Bormes* stated, "what § 1681a(b) does is waive sovereign immunity for all requirements and remedies that another section authorizes against any 'person.' Congress need not add 'we really mean it!' to make statutes effectual." *Bormes*, 759 F.3d at 796. Further, with regard to the potential consequences caused by exposure under the Act, "[i]f the interaction of § 1681a(b) and § 1681n(a)(2) creates excessive liability—which it won't if federal officers obey the statute—then the solution is an amendment, not judicial rewriting of a pellucid definitional clause." Id.

This Court agrees with the sound reasoning of the Seventh Circuit's opinion in *Bormes* and holds that section 1681a(b) unequivocally waives the United States's sovereign immunity from damages for violations under the FCRA. The Court has reviewed the cases cited by DFAS and has found them unpersuasive for a variety of reasons, including that they predate *Bormes*; the courts were not tasked with resolving whether the United States is immune from suit; they revolved around issues of state sovereignty, not federal sovereignty; and/or they relied upon outdated law. The Court acknowledges

>that in the wake of *Bormes*, there are district court opinions outside of the Fifth Circuit which express disagreement with *Bormes'*s conclusion that sovereign immunity has been waived. However, this Court's finding to the contrary is consistent with at least two district courts within the Fifth Circuit. Indeed, both the Northern District of Texas and the Northern District of Mississippi have reached the conclusion that section 1681a(b) waives sovereign immunity. See *Kent v. Trans Union*, 2017 WL 3701861 (N.D. Tex. Aug. 25, 2017) and *Ingram v. Experian Info. Sols., Inc.*, 2017 WL 2507694 (N.D. Miss. June 9, 2017), respectively. This Court finds that sovereign immunity has been waived. DFAS's arguments to the contrary are unavailing. *Johnson,* at 3.

Plaintiff has alleged three causes of action, and, pursuant to the allegations contained in the Third Party Complaint made the basis of this suit, a prima facie case exists to allow this case to go forward, considering that sovereign immunity does not apply to DFAS in this instance and for its conduct as to Plaintiff Wanda Sue Golden.

### III.  CONCLUSION

Based on the foregoing, it is clear that the court in this case has subject matter jurisdiction over this cause of action and that sovereign immunity does not apply here. Further, the Complaint not only states facts upon which relief can be granted, but that a prima facie case has been established on three difference grounds against the Third Party Defendant.  Additionally, it should be considered that if the case is not dismissed, governmental agencies like DFAS would have wife and free ranging authority to interpret Court Orders to their advantage and to use their ability to confiscate tax refunds of victims like Wanda Sue Golden at any time.  Therefore, the Third Party Defendant's Motion to Dismiss must be denied, and this matter should be set for trial.

        Respectfully Submitted,

        HARRELSON LAW FIRM, P.A.
        1321 Scott Street
        Little Rock, Arkansas 72202-5150
        Tel.: (501) 374-2210
        Fax: (501) 374-2221
        E-Mail: steve@harrelsonfirm.com

BY: _____
      Steve Harrelson (Ark. Bar No. 2000086)

Counsel for Defendants Warwick Sabin and
Sabin for Mayor Exploratory Committee

## CERTIFICATE OF SERVICE

I, Steve Harrelson, do hereby certify that I have sent via:

☐ Hand Delivery
☐ Facsimile
☐ Electronic Mail
☐ U.S. Mail, Postage Prepaid
☐ U.S. Mail, Certified, Return Receipt Requested
☒ State Court CM/ECF System
☐ Federal Court CM/ECF System

This 24th Day of August, 2020 a true and complete copy of the foregoing to the following individuals:

Candace L. Taylor, Esq.
Office of the U.S. Attorney
414 Parker Avenue
Fort Smith, Arkansas  72901
Tel.: (479) 494-4080
Fax: (479) 441-0569
E-Mail: candace.taylor@usdoj.gov

_____
Steve Harrelson