IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WANDA SUE GOLDEN                                                      PLAINTIFF

v.                              Case No. 4:20-cv-4052

LEON HOOD[1] and
DEFENSE FINANCE AND
ACCOUNTING SERVICE                                                  DEFENDANTS

## ORDER

Before the Court is a Motion to Dismiss filed by Separate Defendant Defense Finance and

Accounting Service ("DFAS").  ECF No. 5.  Plaintiff has filed a response.  ECF No. 11.  The Court

finds the matter ripe for consideration.

## I.  BACKGROUND

This cause of action stems from the divorce of Plaintiff Wanda Sue Golden and Separate

Defendant Leon Hood in 1987 and an agreement in their divorce decree regarding Golden's receipt

of military and civilian retirement pay from Hood.  In 2004, Hood retired from military service.

Per the divorce decree, Golden began receiving from DFAS[2] her portion of Hood's retirement pay,

and the payments continued for approximately ten years.

In 2014, DFAS sent two letters notifying Plaintiff that her prior payments had been

calculated under an incorrect formula, one used for active military retirees instead of reserve

members, and thus future payments would be terminated.  DFAS provided the correct formula to

Golden and stated that a new court order using the correct formula would be required to resume

---

[1] It does not appear that Plaintiff has served Hood with the complaint in this matter.  Further, the Court does not
interpret the complaint as making any claims against Hood.  Thus, the Court finds that Hood should be and hereby is
**DISMISSED** from this lawsuit.
[2] DFAS is a federal agency that, among other things, administers military retiree payments.

retirement payments.  DFAS also notified Golden that a debt for the prior payments would be established against her if she did not obtain a court order showing the amount of retired pay she was entitled to receive.  It appears that Golden did not provide the requested court order to DFAS, and it proceeded to collect the alleged incorrectly calculated prior payments by seizing federal income tax refunds through the Treasury Offset Program.

Golden states that these refunds rightfully belonged to her and that DFAS inaccurately and unfairly reported information to three major credit bureaus.  Golden's complaint[3] alleges three causes of action against Defendants:  (1) a state law claim of conversion; (2) a violation of the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-501 *et seq.*; and (3) a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.  DFAS removed the complaint to this Court.  DFAS then filed the instant Motion to Dismiss (ECF No. 5), arguing that the Court lacks subject matter jurisdiction based upon sovereign immunity.

## II.  DISCUSSION

DFAS moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction based on the doctrine of sovereign immunity.  Fed. R. Civ. P. 12(b)(1).  The doctrine of sovereign immunity bars private civil actions against the United States, unless the party bringing the action can show that the United States has expressly waived its immunity for the type of claim that is being raised.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).  "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied."  *Lane v. Pena*, 518 U.S 187, 192 (1996).  "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."  *Id.* A court must "construe ambiguities in favor of immunity."  *Id.*

---

[3] Golden originally filed the complaint in her divorce action in state court, which was then removed to this Court by DFAS.

Under the FCRA's general civil enforcement provisions, "[a]ny person" who willfully or negligently fails "to comply with any requirement imposed under [1681 *et seq.*] is liable to [the] consumer" for damages.  15 U.S.C. §§ 1681n-1681o.  The statute defines "person" to include "any . . . government or governmental subdivision or agency."  15 U.S.C. § 1681a(b).

DFAS, a government agency, contends that the Court lacks subject matter jurisdiction to hear Golden's claims because the federal government has not waived sovereign immunity, and therefore, it is protected against private civil liability arising from violations of the FCRA.  Golden argues that the FCRA unambiguously waives the government's sovereign immunity because the definition of "person" in the FCRA's private civil enforcement provision includes the terms "government or governmental subdivision or agency."

The Eighth Circuit has not addressed the issue of whether the FCRA waives sovereign immunity, and the circuits differ on this issue.  The most recent opinion on this issue comes from the Fourth Circuit, which relied on the interpretive presumption, as discussed by the Supreme Court in *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 780 (2000), that "'person' does not include the sovereign." The Fourth Circuit concluded that, despite the statutory definition, it could plausibly read "person" to not include the federal government.  *Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 802-03 (4th Cir. 2019).  Further, the Circuit Court observed that the opposite interpretation would lead to absurd results in other FCRA enforcement provision.  For example, if the federal government were a "person," it could be liable under the FCRA for federal criminal charges.  *Id.* at 804.  The Fourth Circuit also noted that reading "person" to include the federal government would render superfluous a more limited sovereign-immunity waiver in one of the FCRA's specific civil enforcement provisions, 15 U.S.C. § 1681u(j), which makes "[a]ny agency or department of the United States . . . liable to a consumer" for damages when it unlawfully

discloses the consumer's credit information to the Federal Bureau of Investigation. *Id.* at 803-04. Comparing this express language and of other sovereign-immunity waivers recognized by the Supreme Court with the language of §1681n and §1681o, the Fourth Circuit held that the FCRA's general civil enforcement provisions do not clearly waive the federal government's sovereign immunity.

Based on similar reasoning, the Ninth Circuit also concluded that the FCRA's general civil enforcement provisions do not waive federal sovereign immunity. *Daniel v. Nat'l Park Serv.*, 891 F.3d 762 (9th Cir. 2018) (holding that, when construing the FCRA as a whole, the statute is "ambiguous with respect to whether Congress waived immunity" and noting that reading "person" to include the federal government would lead to unusual results). The Seventh Circuit, however, has reached the opposite conclusion. In *Bormes v. United States*, 759 F.3d 793 (7th Cir. 2014), the Seventh Circuit held that the FCRA waived sovereign immunity. The Seventh Circuit reasoned that because the FCRA defined "person" to include "any . . . government or governmental subdivision or agency" in § 1681a(b), and the remedy provision of § 1681n applies to "any person," this operated as a waiver of sovereign immunity. *Bormes*, 759 F.3d at 795.

Having reviewed the decisions discussed above, the Court finds the reasoning of the Fourth and Ninth Circuits more persuasive. As the Court in both *Robinson* and *Daniel* noted, the Court must view the FCRA as a whole. The *Bormes* court did not do so, because it did not address important anomalies created by treating the federal government as a person across the FCRA, like the imposition of punitive damages and criminal penalties. *Daniel*, 891 F.3d at 773-74 (treating the United States as a person would subject the sovereign to criminal penalties (§ 1681q), permit the sovereign to be investigated by its own agencies and state governments (§ 1681s), and permit punitive damages (§ 1681n)). The *Bormes* court also failed to address the fact that there are express

4

waivers of sovereign immunity in other provisions of the FCRA.  Further, the Seventh Circuit has seemingly questioned the reasoning applied in *Bormes* where it held that the FCRA's general civil enforcement provisions do not abrogate tribal sovereign immunity.  *Meyers v. Oneida Tribe of Wis.*, 836 F.3d 818 (7th Cir. 2016).  In the *Meyers* court's view, the ordinary meaning of "government," as used in the FCRA's definition of "person," clearly encompasses the federal government but does not include Indian tribes.  *Id.* at 826-27.

Following the reasoning in both *Robinson* and *Daniel*, the Court finds that because the FCRA does not expressly waive sovereign immunity for liability, and is at best ambiguous, Golden's FCRA claim against DFAS should be dismissed for lack of subject matter jurisdiction. *See also Stellick v. U.S. Dept. of Educ.*, No. 11-0730, 2013 WL 673856, at *3 (D. Minn. Feb. 25, 2013) (explaining several reasons FCRA does not expressly waive sovereign immunity); *Gillert v. U.S. Dept. of Educ.*, No. 08-6080, 2010 WL 3582945, at *3 (W.D. Ark. Sept. 7, 2010) (same).

Having disposed of Plaintiff's FCRA claim, the Court now turns to the two remaining state law claims:  conversion and a violation of the Arkansas Fair Debt Collection Practices Act.  DFAS moves to dismiss these claims based on the doctrine of sovereign immunity.  As stated earlier, the United States is immune from suit unless it consents to be sued.  *See Mitchell*, 463 U.S. at 212. Golden did not address the government's dismissal argument regarding the state law claims in her response to the Motion to Dismiss or supporting brief.  Thus, Golden makes no argument that the federal government has waived sovereign immunity or consented to be sued for either of these claims.  Accordingly, the Court finds that the state law claims should be dismissed because the Court is without subject matter jurisdiction to hear these claims.

### III.  CONCLUSION

For the reasons stated above, the Court finds that DFAS's Motion to Dismiss (ECF No. 5)

should be and hereby is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED**, this 11th day of December, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
